**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

|  |  |
|---|---|
| ABOUBACAR BARRY,<br><br>Petitioner,<br><br>v.<br><br>ALEXANDER CABEZAS, *et al.*,<br><br>Respondents. | Case No. 2:26-cv-01351 (BRM)<br><br>**MEMORANDUM OPINION AND ORDER** |

**MARTINOTTI, DISTRICT JUDGE**

Before the Court is Petitioner Alexander Cabezas's ("Petitioner") Petition for Writ of Habeas Corpus ("Petition") pursuant to 28 U.S.C. § 2241, challenging his detention by immigration authorities without an individualized bond hearing. (ECF No. 1.) Respondents filed a letter response. (ECF No. 8.)

Petitioner, a citizen of Guinea, entered the United States without inspection in May 2023. (*Id.* at 1.) On October 24, 2025, Petitioner was arrested by Immigration Customs and Enforcement ("ICE") agents. (*Id.* at 2.) Petitioner has been in ICE detention since his arrest. Following Petitioner's arrest and detention by ICE, he has not been afforded an individualized bond hearing because he is being held in mandatory detention under 8 U.S.C. § 1225(b)(2). (*Id.*)

The Court ordered Respondents to file an answer. (ECF No. 4.) Respondents filed a letter response. (ECF No. 8.)

The Petition contends Petitioner's continued detention without a bond hearing violates his due process rights. (*See* ECF No. 1.) Respondents assert the same position they have in many other similar cases in this District, including the position they took before this Court in the recent matter

*Sandhu v. Tsoukaris*, Civ. A. No. 25-14607, 2025 WL 3240810 (D.N.J. Nov. 20, 2025). In *Sandhu*,

Respondents argued DHS has implemented a new policy interpreting INA § 235, 8 U.S.C.

§ 1225(b)(2)(A), to require mandatory detention of noncitizens who entered the United States

without admission or inspection and to render them ineligible for release on bond, a position the

Board of Immigration Appeals recently adopted in *Matter of Yajure Hurtado*, 29 I&N Dec. 216

(B.I.A. 2025).

In *Sandhu*, this Court rejected *Hurtado*'s interpretation of 8 U.S.C. § 1225(b)(2). *Sandhu*,

2025 WL 3240810, at *6. In a factually similar situation, the Court held Sandhu was unlawfully

held in mandatory detention under § 1225(b)(2) and needed to be treated as being held under the

discretionary authority of 8 U.S.C. § 1226(a).

In *Sandhu*, this Court explained the following:

> The issue of whether Petitioner is properly detained under § 1225(b)
> or § 1226(a) is similar to that of many cases in this District and
> around the country. "The line historically drawn between these two
> sections . . . is that section 1225 governs detention of non-citizens
> 'seeking admission into the country,' whereas section 1226 governs
> detention of non-citizens 'already in the country.'" *Martinez v.
> Hyde*, No. 25-cv-11613, 2025 WL 2084238, at *8 (D. Mass. July
> 24, 2025) (citing [*Jennings v. Rodriguez*, 583 U.S. 281, 288–89
> (2018)]); *see also Lopez-Campos v. Raycraft*, 2025 WL 2496379, at
> *8 (E.D. Mich. Aug. 29, 2025) ("There can be no genuine dispute
> that Section 1226(a), and not Section 1225(b)(2)(A), applies to a
> noncitizen who has resided in this country for over twenty-six years
> and was already within the United States when apprehended and
> arrested during a traffic stop, and not upon arrival at the border.").
>
> . . .
>
> For nearly 30 years, § 1225 has applied to noncitizens who are either
> seeking entry to the United States or have a close nexus to the
> border, and § 1226 has applied to those aliens arrested within the
> interior of the United States. The Supreme Court in *Jennings*
> explicitly adopted this distinction, describing § 1225 as the detention
> statute for noncitizens affirmatively "seeking admission" into the
> United States, and § 1226 as the detention statute for noncitizens

2

who are "already in the country." 583 U.S. at 289. And although the *Jennings* Court characterizes § 1225(b)(2) as the "catchall" detention provision for noncitizens who are "seeking admission," it identifies § 1226(a) as the "default rule" for the arrest, detention, and release of non-criminal aliens who are already present in the United States. *Id.* at 303.

The vast majority of courts confronting this precise issue have rejected Respondents' interpretation, as well as the BIA's interpretation in *Hurtado*, as contradictory to the plain text of § 1225.[1] *See, e.g., Soto* [*v. Soto*, No. 25-cv-16200, 2025 WL 2976572, at *7 (D.N.J. Oct. 22, 2025)] (finding that § 1225(b)(2)(A) applies only to noncitizens who are actively, *i.e.*, affirmatively, "seeking admission" to the United States and not petitioners who have been residing in the United States); *Belsai D.S. v. Bondi*, No. 25-cv-3682, 2025 WL 2802947[,] at *6 (D. Minn. Oct. 1, 2025) (noting that "the government's proposed interpretation of § 1225(b) [is] at odds with the context and structure of the provisions governing detention of noncitizens who are arriving at the border and those who are already present in the country"); *Zumba* [*v. Bondi*, Civ. A. No. 25-cv-14626, 2025 WL 2753496, at *3 (D.N.J. Sept. 26, 2025)] (noting that "up until July 8 the predominant form of detention authority for petitioner and other noncitizens arrested in the interior of the United States was § 1226(a)"); *Salazar v. Dedos*, No. 25-cv-835, 2025 WL 2676729 (D.N.M. Sept. 17, 2025); *Lepe v. Andrews*, No. 25-cv-01163, 2025 WL 2716910 (E.D. Cal. Sept. 23, 2025); *Roman v. Noem*, No. 25-cv-01684, 2025 WL 2710211 (D. Nev. Sept. 23, 2025); *Giron Reyes v. Lyons*, No. 25-cv-4048, 2025 WL 2712427 (N.D. Iowa Sept. 23, 2025); *Singh v. Lewis*, No. 25-cv-0096, 2025 WL 2699219 (W.D. Ky. Sept. 22, 2025); *Barrera v. Tindall*, No. 25-cv-541, 2025 WL 2690565 (W.D. Ky. Sept. 19, 2025); *Hasan v. Crawford*, No. 25-cv-1408, 2025 WL 2682255 (E.D. Va. Sept. 19, 2025); *Vazquez v. Feeley*, No. 2:25–cv–01542, 2025 WL 2676082 (D. Nev. Sept. 17, 2025); [collecting additional cases].

*Sandhu*, 2025 WL 3240810, at *4–6.

---

[1] This Court is not required to defer to the BIA's interpretation of § 1225 because "[w]hen the meaning of a statute [is] at issue, the judicial role [is] to 'interpret the act of Congress, in order to ascertain the rights of the parties.'" *Loper Bright Enters. v. Raimondo*, 603 U.S. 369, 412 (2024) (quoting *Decatur v. Paulding*, 39 U.S. 497, 503 (1840)).

Based on this Court's statutory interpretation in *Sandhu*, the Court finds the facts asserted in the Petition establish Petitioners' detention is authorized only by 8 U.S.C. § 1226(a), and not § 1225(b)(2).

Accordingly, and for good cause appearing,

**IT IS** on this 2nd day of March 2026,

**ORDERED** that the Petition (ECF No. 1) is **GRANTED**; and it is further

**ORDERED** that Respondents shall treat Petitioner as detained under 28 U.S.C. § 1226(a); and it is further

**ORDERED** that, as soon as practicable but **no later than 7 days from the date of this Order**, Respondents shall provide Petitioner with an individualized bond hearing in accordance with 8 U.S.C. § 1226(a) before an immigration judge who shall assess whether he presents a flight risk or a danger to the community; and it is further

**ORDERED** that within **3 business days** of that bond hearing, Respondents shall file a written notice of the outcome of that proceeding with the Court; and it is finally

**ORDERED** the Clerk of Court shall serve a copy of this Memorandum Opinion and Order upon the parties electronically.

*/s/ Brian R. Martinotti*
**HON. BRIAN R. MARTINOTTI**
**UNITED STATES DISTRICT JUDGE**